IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARRY LYNN GIBSON, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| SHERIFF JEFFREY MANN et al., | :: | CIVIL ACTION NO. |
| Defendants. | :: | 1:14-CV-3680-WSD-GGB |

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at the DeKalb County Jail in Decatur, Georgia (the "Jail"). Plaintiff, pro se, seeks damages under 42 U.S.C. § 1983 for the allegedly unconstitutional conditions of his confinement.

I granted Plaintiff leave to proceed *in forma pauperis* and screened his complaint as required by 28 U.S.C. § 1915A. (Doc. 3.) Plaintiff's complaint did not state a claim upon which relief may be granted, but I allowed him to file an amended complaint and instructed him to provide all facts supporting his claims. (*Id.*) Plaintiff filed an amended complaint, (Doc. 5), which now must be screened.

## **I.    THE 28 U.S.C. § 1915A STANDARD**

Federal courts must screen a prisoner complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such

relief. 28 U.S.C. § 1915A. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). Courts may dismiss a complaint if the alleged facts do not state a claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy those requirements, or fails to provide factual allegations in support of his claim, the complaint should be dismissed. *Id.* at 737-38.

## II.   FACTUAL ALLEGATIONS[1]

Plaintiff arrived at the Jail on September 22, 2014. Plaintiff asserts several claims regarding alleged conditions at the Jail, which can be grouped into the following categories: (1) Jail officers have harassed him; (2) the food served to

---

[1] The factual allegations are taken from Plaintiff's amended complaint and presumed true for purposes of the § 1915A screening. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2011).

inmates is inadequate; (3) Plaintiff has been denied certain clothing; (4) Plaintiff has been denied access to the law library; and (5) Plaintiff has been denied proper dental and vision care.

In the first category, Plaintiff alleged that Jail officers harass him verbally and by shining laser lights through the window in his cell door and banging on the window at night. The latter events wake Plaintiff and cause him mental distress.

In the second category, Plaintiff alleged that food trays are not always clean, he has found roaches in his food, the food is too salty, and he receives only two small meals a day totaling less than 3,000 calories. Plaintiff alleged that ninety percent of all Jail inmates, including him, have lost twenty percent of their body weight because of the inadequate food. Plaintiff did not identify his body weight.

In the third category, Plaintiff alleged that he has been denied socks, underwear, and t-shirts since his arrival at the Jail. The lack of socks caused Plaintiff to get "sick," but he did not identify the illness. (Doc. 5 at 6-7.)

In the fourth category, Plaintiff alleged that he has been denied use of the Jail's law library. Plaintiff did not identify what legal materials he needed from the library or any pending court action for which he needed such materials.

3

Finally, Plaintiff alleged that the Jail's medical staff have not treated him for "dental problems" and that he has received some, but not all, contact lenses he has ordered from vision care companies. Plaintiff did not identify his dental problems. He also alleged that he received "no medication for weeks," but did not identify the medication or why he needed it. (*Id.*) Plaintiff said that he only received "the mini treatment" for his medical and dental needs, but provided no further details. (*Id.* at 7.)

Plaintiff seeks an order correcting those alleged living conditions and an investigation. He also seeks $350,000 in damages.

## III. ANALYSIS

Plaintiff's allegations of harassment do not state a viable claim because verbal harassment and harassing actions that do not cause physical harm are not actionable under § 1983. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ."); *Edwards v. Gilbert*, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989) ("[A] petitioner must allege more than that he has been subjected to verbal taunts . . . [h]owever distressing in order to make a claim that jailers have .

4

. . deprived the petitioner of his constitutional rights." (quotation marks omitted)); *see also Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998) ("[A]cts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment."); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("[M]ere threatening language and gestures . . . do not, even if true, amount to constitutional violations." (quotation marks omitted)). Jail officers verbally harassing Plaintiff and doing things outside his cell to awaken him at night do not amount to constitutional violations.

To state a viable claim that living conditions violate an inmate's constitutional rights, the inmate must allege facts supporting a plausible finding that: (1) the alleged deprivation is objectively serious, i.e., there is a substantial risk of harm; (2) the defendant acted with deliberate indifference to that risk, i.e., he was not merely negligent; and (3) the defendant's deliberate indifference caused the constitutional deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "The challenged condition must be 'extreme'" and pose "an unreasonable risk of serious damage" to the inmate's health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). "Generally speaking, prison conditions rise to the level of an Eighth Amendment

violation only when they involve the wanton and unnecessary infliction of pain."[2] *Id.* (quotation marks omitted).

"A similar analysis applies to medical needs." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Denied or delayed access to medical care for an inmate violates the constitution only if the inmate shows: (1) he had an objectively serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a causal connection between that indifference and the inmate's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). A defendant is deliberately indifferent only if he subjectively knew of a risk of serious harm and disregarded that risk by conduct beyond gross negligence. *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010). Finally, an inmate cannot recover damages for mental or emotional injury "without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiff's allegations do not support a plausible finding that his living conditions at the Jail are "extreme" and pose an unreasonable risk of serious harm

---

[2] The Fourteenth Amendment, rather than the Eighth Amendment, applies to pret-trial detainees' claims of inhumane living conditions. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc). While Plaintiff appears to be a pre-trial detainee at the Jail, the legal standard for evaluating claims regarding inmate living conditions is the same under both Amendments. *Id.*

6

to him that rises to the level of a constitutional violation. Less than three thousand calories of food per day, roaches in some food, and lack of underwear or socks for three months are not ideal conditions, but are not the extreme conditions required for a constitutional violation in a jail setting. "[T]he Constitution does not mandate comfortable [jails]." *See Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981); *Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) (holding that living conditions in jail cell consisting of a steel bed with no mattress for eighteen days and occasionally overflowing toilet were "not so extreme as to violate contemporary standards of decency"); *Harris v. Fleming*, 839 F.2d 1232, 1234-35 (7th Cir. 1988) (holding that inmate's confinement for twenty-eight days "in a filthy, roach-infested cell" without toilet paper, soap, toothpaste, or a toothbrush for some of that time was not unconstitutional). Nor does the Constitution guarantee inmates the same standard of living found in public facilities outside jail walls. *See Rhodes*, 452 U.S. at 347-49; *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999) ("Because society does not expect or intend prison conditions to be comfortable, only extreme deprivations are sufficient to sustain a 'conditions-of-confinement' claim."); *Steele v. Trigg*, 978 F.2d 1261, *1 (7th Cir. 1992) (unpublished) ("Prison . . . does not and should not offer inmates all the comforts of a hotel."); *Veteto v. Miller*, 829 F.

Supp. 1486, 1495-96 (M.D. Pa. 1992) (holding that because prison was "not a restaurant, a haberdashery or a health spa, . . . the admittedly uncomfortable conditions [denial of meals, clean clothes, and showers] . . . do not, by themselves, articulate a situation that could be fairly characterized as cruel and unusual punishment"). "Merely showing that prison conditions are uncomfortable is not enough." *Bennett v. Chitwood*, 519 F. App'x 569, 574 (11th Cir. 2013).

Even if Plaintiff's factual allegations supported a plausible finding of an objectively serious deprivation of basic necessities and resulting harm, they do not support a plausible finding that any defendant was deliberately indifferent to the alleged conditions. The deliberate indifference standard requires that jail officials know of a serious risk of harm to an inmate from the alleged conditions and wantonly fail to respond to that risk. *See Chandler*, 379 F.3d at 1289-90. "Negligence does not suffice to satisfy [the deliberate indifference] . . . standard." *See id.* (noting that a government official will not be liable simply because the harm is not averted); *see also Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (holding that negligence is insufficient to state a constitutional claim); *Bailey v. Bd. of County Comm'rs*, 956 F.2d 1112, 1121 n.8 (11th Cir. 1992) ("Negligent acts do not give rise to § 1983 liability."). None of the alleged facts support a plausible finding

of the requisite knowledge and wanton indifference regarding the alleged inadequate living conditions at the Jail.

Plaintiff's bare allegations that he was denied care for unidentified "dental problems" and did not receive all the contact lenses he ordered do not support a plausible finding that a Jail official was deliberately indifferent to a serious medical need. *See Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation and quotation marks omitted)). The allegations do not support a finding that Plaintiff had a serious medical condition, that a Jail official was aware of such condition, and that the official was more than grossly negligent in responding to the medical need. *See Gee*, 625 F.3d at 1317. Nor did Plaintiff identify any harm other than mental distress from the alleged lack of dental care and contact lenses, which is insufficient to support relief under § 1983. *See* 42 U.S.C. § 1997e(e).

Lack of access to a jail's law library does not violate the Constitution unless the inmate suffers actual injury. *Al-Amin v. Smith*, 511 F.3d 1317, 1331-32 (11th Cir. 2008). That is, the lack of access "must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action" in court. *Id.* at 1332 (quotation marks omitted). "In order to show actual injury, a plaintiff must provide

9

evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Id.* at 1332 (quotation marks omitted); *see Lewis v. Casey*, 518 U.S. 343, 348 (1996) (inmates must "show that the alleged inadequacies of a prison's library facilities or legal assistance program caused [them] 'actual injury'–that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim'").

Plaintiff alleged no injury of the type described above resulting from his inability to access the law library. In fact, he alleged no injury at all to any pending criminal or civil case. And if Plaintiff has counsel in his criminal case (the one that landed him in Jail), he has no constitutional right to access the law library for purposes of that case. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) ("adequate assistance from persons trained in the law" satisfies the constitutional right to access the courts even if there is no law library). Plaintiff did not allege that he is without criminal defense counsel. He has not stated a viable claim under § 1983 regarding his inability to access the Jail's law library.

## IV. CONCLUSION

Fore the foregoing reasons, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO RECOMMENDED**, this 15th day of January, 2015.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)