IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARRY LYNN GIBSON,<br><br>            **Plaintiff,**<br><br>v.<br><br>SHERIFF JEFFREY MANN,<br>DeKalb County Sheriff / Jail,<br><br>            **Defendant.** | 1:14-cv-3680-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [7] ("R&R"). The R&R recommends Plaintiff Barry Lynn Gibson's ("Plaintiff") Amended Complaint [5] be dismissed pursuant to the required frivolity review under 28 U.S.C. § 1915A.

**I.    BACKGROUND**

Plaintiff, who proceeds *pro se*, is confined at the DeKalb County Jail in Decatur, Georgia ("Jail"). On November 14, 2014, Plaintiff filed his original complaint [1] and application to proceed *in forma pauperis* [2] ("Application"). On December 3, 2014, the Magistrate Judge granted Plaintiff's Application. ([3]). The Magistrate Judge found that Plaintiff's complaint did not state a claim upon

which relief may be granted under 42 U.S.C. § 1983, and allowed Plaintiff to file an amended complaint.  (Id.).

On December 19, 2014, Plaintiff filed his Amended Complaint.  In it, he alleges that (1) Jail officers have harassed him; (2) the food served to inmates is inadequate; (3) Plaintiff has been denied certain clothing; (4) Plaintiff has been denied access to the law library; and (5) Plaintiff has been denied proper dental and vision care.

In the first category, Plaintiff alleges that Jail officers harass him verbally, and by shining laser lights through the window in his cell door and banging on the window at night.  The latter events wake Plaintiff and cause him mental distress.

In the second category, Plaintiff alleges that food trays are not always clean, he has found roaches in his food, the food is too salty, and he receives only two small meals a day totaling less than 3,000 calories.  Plaintiff alleges that ninety percent of all Jail inmates, including him, have lost twenty percent of their body weight because of the inadequate food.  Plaintiff did not identify his body weight.

In the third category, Plaintiff alleges that he has been denied socks, underwear, and t-shirts.  The lack of socks caused Plaintiff to get "sick," but he did not identify the illness.  (Am. Compl. at 6-7).

In the fourth category, Plaintiff alleges that he has been denied use of the Jail's law library.  Plaintiff did not identify what legal materials he needed from the library or any pending court action for which he needed such materials.

Finally, Plaintiff alleges that the Jail's medical staff have not treated him for "dental problems" and that he has received some, but not all, of the contact lenses he ordered from vision care companies.  Plaintiff did not identify his dental problems. He also alleged that he received "no medication for weeks," but did not identify the medication or why he needed it.  (Id.).  Plaintiff said that he only received "the mini treatment" for his medical and dental needs, but provided no further details. (Id. at 7).

Plaintiff seeks an order correcting these alleged living conditions, and an investigation.  He also seeks $350,000 in damages.

On January 15, 2015, the Magistrate Judge issued her R&R.  In it, she found Plaintiff's allegations of harassment do not state a viable claim under Section 1983, because Plaintiff does not allege he suffered any physical harm.  She determined Plaintiff failed to state a claim that his living conditions violated his constitutional rights, because he failed to show the conditions were "extreme" or posed an unreasonable risk of serious harm, and because he did not allege that any defendant was deliberately indifferent to the alleged conditions.  The Magistrate Judge

determined Plaintiff does not state a viable Section 1983 claim based on his lack of access to the Jail's law library, because he failed to allege he suffered an actual injury. Plaintiff did not file any objections to the R&R, and has not otherwise taken any action in this case.

## II. ANALYSIS

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). No party objects to the R&R, and the Court thus conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B. Discussion

The Magistrate Judge found Plaintiff's allegations of harassment do not state a viable claim under Section 1983, because Plaintiff does not allege he suffered any physical harm. The Court agrees. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . .").

The Court also agrees with the Magistrate Judge's finding that Plaintiff failed to state a claim that his living conditions and lack of access to dental care and to all of the contact lenses he ordered violated his constitutional rights.  To state a viable claim that living conditions violate an inmate's constitutional rights, the inmate must allege facts supporting a plausible finding that:  (1) the alleged deprivation is objectively serious, that is, there is a substantial risk of harm; (2) the defendant acted with deliberate indifference to that risk, that is, he was not merely negligent; and (3) the defendant's deliberate indifference caused the constitutional deprivation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).  "The challenged condition must be 'extreme'" and pose "an unreasonable risk of serious damage" to the inmate's health or safety."  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).  "A similar analysis applies to medical needs."  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  Denied or delayed access to medical care for an inmate violates the constitution only if the inmate shows:  (1) he had an objectively serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a causal connection between that indifference and the inmate's injury.  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-1307 (11th Cir. 2009).

The Magistrate Judge determined Plaintiff's allegations failed to show the conditions in the Jail were "extreme" or posed an unreasonable risk of serious harm.  Plaintiff also did not allege that any defendant was deliberately indifferent to the alleged conditions.  The Court finds no plain error in these findings and recommendation, and Plaintiff's claim based on his living conditions and access to dental and vision care fails.  See Slay, 714 F.2d at 1095.

Finally, the Magistrate Judge determined that Plaintiff does not state a viable Section 1983 claim based on his lack of access to the Jail's law library, because he failed to allege he suffered an actual injury.  The Court agrees.  See Al-Amin v. Smith, 511 F.3d 1317, 1331-32 (11th Cir. 2008) (lack of access to law library "must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action" in court).

Because Plaintiff's Amended Complaint failed to state a claim upon which relief may be granted, the Magistrate Judge recommended this action be dismissed under 28 U.S.C. § 1915A.  The Court finds no plain error in these findings and recommendations, and this action is dismissed.  See Slay, 714 F.2d at 1095.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [7] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO ORDERED** this 18th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE